# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CARRIE MARIE HALL,

    Plaintiff,

v.

COWLITZ COUNTY JAIL.

    Defendant.

CASE NO. C11-5647-BHS-JRC

ORDER TO SHOW CAUSE

This 28 U.S.C. §2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Petitioner has filed a motion to proceed in forma pauperis (ECF No. 1). The court has reviewed the petition. Petitioner is challenging her current incarceration in county jail, but she has not filed a personal restraint petition or direct appeal and has not exhausted her claims through the state process (ECF No. 1, page 5).

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B)(i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, at 365-66 (*citing* Picard, 404 U.S. at 275 *and* Anderson v. Harless, 459 U.S. 4 (1982)).

Petitioner admits not having brought her claims to the state court system in the petition (ECF No. 1). Petitioner is now ordered to SHOW CAUSE why this motion to

proceed in forma pauperis should not be denied because the claims cannot proceed in federal court at this time. A response is due on or before October 28, 2011.

Dated this 26th day of September, 2011.

J. Richard Creatura
United States Magistrate Judge